Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
**MANNING LAW, APC**
20062 S.W. Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

Attorneys for Plaintiff
JAMES RUTHERFORD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, an individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>GOOD NITE INN REDLANDS, INC., a California corporation; D.T.M. LAND COMPANY, LLC, a California limited liability company; and DOES 1-10 inclusive,<br><br>　　　　　Defendants. | Case No.: 5:19-cv-01574-PA-SHK<br><br>**PLAINTIFF'S RESPONSE TO OSC REGARDING SUPPLEMENTAL JURISDICTION**<br><br>[Filed concurrently with Declaration of Plaintiff James Rutherford and Declaration of Joseph R. Manning, Jr.] |

Plaintiff James Rutherford ("Plaintiff") submits his response to this Court's Order to Show Cause why the Court should exercise supplemental jurisdiction over the Plaintiff's Unruh Act state law claim asserted in the Complaint.

**A.     Introduction**

Plaintiff alleges two causes of action: (1) Violation of the Americans With Disabilities Act of 1990, 42 U.S.C. §12181 et seq. ("ADA") and (2) Violation of the Unruh Civil Rights Act, California Civil Code § 51 et seq. ("Unruh Act").

The Court recognized that it has supplemental jurisdiction over Plaintiff's Unruh Act claim under 28 U.S.C. § 1367(a) but questions whether it *should* exercise supplemental jurisdiction. The exercise of supplemental jurisdiction is usually mandatory, unless the exercise of jurisdiction is prohibited by section 1367(b) or falls under one of the exceptions set forth in section 1367(c). "[U]nless a court properly invokes a section 1367(c) category exercising its discretion to decline to entertain pendent claims, supplemental jurisdiction must be asserted." *Executive Software N. Am., Inc. v. U.S. Dist. Court for the N. Dist. of Cal.*, 24 F.3d 1545, 1555-56 (9th Cir. 1994), overruled on other grounds, *Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1093 (9th Cir. 2008).

A court may decline to exercise supplemental jurisdiction over a related state claim only if: "(1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction." 28 U.S.C. § 1367(c).

The Court inquires whether it should decline to exercise supplemental jurisdiction over Plaintiff's related Unruh Act claim after weighing "the values of judicial economy, convenience, fairness, and comity." *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173, 118 S. Ct. 523, 534, 139 L. Ed. 2d 525 (1997); *Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966)); *quoting Carnegie-Mellon Univ. v.*

*Cohill*, 484 U.S. 343, 350, 108 S. Ct. 614, 619, 98 L. Ed. 2d 720 (1988) ("[T]he doctrine of pendent jurisdiction thus is a doctrine of flexibility, designed to allow courts to deal with cases involving pendent claims in the manner that most sensibly accommodates a range of concerns and values"). [1]

The Court should exercise supplemental jurisdiction over Plaintiff's Unruh Act claims because all of the value factors weigh in favor of the Court exercising supplemental jurisdiction and there are no "compelling reasons" to decline jurisdiction under Section 1367(c). Further, Plaintiff only seeks statutory damages for three violations of the Unruh Act (two violations for denial of access and one for deterrence); a minimal amount that lessens potential that the state law claim "substantially predominates" over his ADA claim. *See Gibbs*, 383 U.S. at 726. (Declaration of James Rutherford ¶ 3) (Complaint Prayer ¶¶ 2-3).

**B.  Judicial Economy And Fairness Weigh In Favor Of Exercising Supplemental Jurisdiction Over Plaintiff's Unruh Act Claim**

The "justification" underlying the decision whether to maintain supplemental jurisdiction or dismiss a case "lies in considerations of judicial economy, convenience and **fairness to litigants**..." *Gibbs*, 383 U.S. at 726 (emphasis added). In fact, Courts have recognized that judicial economy is the "essential policy behind the modern doctrine of pendent jurisdiction" and it supports "the retention of pendent jurisdiction in any case where substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort." *Id., citing Rosado v. Wyman*, 397 U.S. 397, 405 (1970).

The Supreme Court has "shunned" any sort of knee-jerk dismissal preference in favor of a "common sense policy of pendent jurisdiction – the conservation of

---

[1] Based on the OSC's emphasis on the *Gibbs* value factors, the Court appears mainly concerned about whether to exercise supplemental jurisdiction under section 1367(c)(4) for "other compelling reasons for declining jurisdiction."

judicial energy and the avoidance of multiplicity of litigation." *Rosado*, 397 U.S. at 405. The Supreme Court itself has "made clear that [its Gibbs] statement does not establish a mandatory rule to be applied inflexibly in all cases." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350, fn. 7 (1988).

In other words, there must be a consideration of the impact that dismissal will have on judicial economy with an eye towards the avoidance of multiplicity of litigation. "In deciding whether to extend supplemental jurisdiction over pendent state claims, courts must consider and weigh whether the extension of jurisdiction will serve the principles of judicial economy, convenience and fairness to the litigants, and comity to the states." *Carnegie-Mellon Univ*. at 350, fn. 7.

The principles of judicial economy are not served by dismissing Plaintiff's state claim, forcing Plaintiff to refile it in state court and pay a new filing fee, pay for new service of process, have the defendant pay the state court required first appearance fees, holding a case management conference, filing dispositive motions that will raise the identical issues that would be here, and then prepare for a separate trial date. "Forcing these parties to litigate two nearly-identical cases in separate venues—one here and one in state court—is neither convenient, economical, nor fair." *Baker v. Palo Alto University, Inc.*, 2014 WL 631452, *2 (N.D. Cal. 2014).

Exercising supplemental jurisdiction over Plaintiff's Unruh Act claim does not infringe upon any principle of comity, especially given that this state claim is entirely predicated upon a federal violation. In fact, the concept of comity weighs heavily in favor of keeping the present case in federal court under these circumstances. "There may, on the other hand, be situations in which the state claim is so closely tied to questions of federal policy that the argument for exercise of pendent jurisdiction is particularly strong." *Gibbs*, 383 U.S. at 727.

**C.  Duplicative Litigation Will Be Expensive And Inconvenient To All Parties And Mostly Unfair To Defendant**

As was stated above, a chief consideration in the decision to maintain

supplemental jurisdiction or dismiss a case, "lies in … fairness to litigants..." *United Mine Workers of America v. Gibbs*, 383 U.S. at 726. Here, the only person who is guaranteed a "win" should this case be dismissed is defense counsel who will be afforded duplicative work and fees.

### 1.   *Only a Prevailing Plaintiff is Entitled to Attorney's Fees*

To establish that her rights under the ADA were violated and, therefore, that there was a violation of the Unruh Civil Rights Act, "a plaintiff must show that: (1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Arizona ex rel. Goddard v. Harkins Amusement Enterprises, Inc.*, 603 F.3d 666, 670 (9th Cir. 2010). "The third element - whether plaintiffs were denied public accommodations on the basis of disability – is met if there was a violation of applicable accessibility standards." *Moeller v. Taco Bell Corp.*, 816 F.Supp.2d 831, 847 (N.D. Cal. 2011) citing *Chapman*, 631 F.3d at 945. This is because discrimination is defined both as either a failure to ensure that alterations are "readily accessible to and useable by persons with disabilities" and, where there are no alterations, "a failure to remove architectural barriers…in existing facilities…where such removal is readily achievable." 42 U.S.C. §§ 12183(a)(2); 12182(b)(2)(A)(iv).

Based on the above factors, it is more than likely that Plaintiff will prevail, whether in federal or state court. If Plaintiff's Unruh Act claim is dismissed and he is forced to refile in state court, state court fees will be added on to any federal fees.

### 2.   *Defendants Have Legal Fees Regardless of the Outcome*

The Defendants hereto do not benefit from multiple litigation, regardless of the forum. Defendants have the unhappy prospect of paying two sets of legal fees: their own and Plaintiff's. With regard to Plaintiff's fees, state court is not a "do-over." California's civil rights attorneys' fees statutes contemplate reimbursement

for fees incurred in ancillary or related proceedings, including federal court actions, which are inextricably intertwined with the matters before the State Court. *Children's Hospital and Med. Ctr. v. Belshe*, 97 Cal.App.4th 740 (2002); *see also Wallace v. Consumer Cooperative of Berkeley, Inc.*, 170 Cal.App.3d 836 (1985) (awarding attorneys' fees for time expended in preceding administrative proceedings and in a related civil penalty action). In *Children's Hospital*, a case involving attorneys' fees awarded pursuant to California Code of Civil Procedure § 1021.5 with approximately one-third of the hours compensated being devoted to related federal court proceedings, the Court noted that:

> California case law clearly provides a trial court discretion to award a fee that compensates work performed in a collateral action that may not have been absolutely necessary to the action in which fees are awarded but was nonetheless closely related to the action in which fees are sought and useful to its resolution. . . The ancillary judicial proceedings with which we are here concerned related very directly to the issues presented in the action in which fees were awarded, and respondents prevailed in those proceedings. While the federal proceedings may not have been a necessary precondition of the superior court action, they materially contributed to the resolution of the constitutional issues presented to that court. The federal rulings not only relieved the superior court of burdensome adjudicative responsibilities it would otherwise have had to undertake but diminished the work required of counsel.

*Id.* at 780-781.

Similarly, in *Best v. California Apprenticeship Council*, the Court awarded fees for work on pre-litigation administrative proceedings finding that plaintiff's various proceedings were but "one course of legal redress" "successfully followed through to its finish." 193 Cal.App.3d 1448, 1465 (1987).

Not unlike the case in *Best*, the instant federal matter and any subsequent state action are one course of legal redress which Plaintiff will simply "follow through to [the] finish." Plaintiff brought this action in federal court seeking relief for violation of federal and state disability access laws. He will continue to pursue remaining claims in state court if this Court relinquishes its discretionary supplemental

5
PLAINTIFF'S RESPONSE TO OSC RE SUPPLEMENTAL JURISDICTION

jurisdiction. Thus, Plaintiff will not seek attorneys' fees for two separate and distinct matters, but will seek fees for the successful prosecution of his case in whole, including the Unruh Act claims that were "brought through a single legal avenue which commenced" in federal court. *Best* at 1465.

**D.     The Prefiling State Court Procedures of CCP 425 Do Not Change The *Gibbs* Judicial Economy And Fairness Analysis**

Plaintiff confirmed that he "has filed 10 or more complaints alleging a construction-related accessibility violation within the 12-month period immediately preceding the filing of the current complaint alleging a construction-related accessibility violation" and meets the definition of "high-frequency litigant" (California Civil Procedure Code § 425.55(b)(1)) (Declaration of James Rutherford ¶ 2). Plaintiff's counsel is not a "high-frequency litigant" as defined by CCP § 425.55(b)(2) (Declaration of Joseph R. Manning, Jr. ¶ 2).

Irrespective that Plaintiff is a high frequency litigant, courts have consistently found that California's high frequency litigant requirements are procedural and do not apply in federal court under *Erie* doctrine principles. *See, e.g., Oliver v. In-N-Out Burgers*, 286 F.R.D. 475, 477-78 (S.D. Cal. 2012) (noting that the provisions of Cal. Code Civ. Proc. § 425.50 conflict with Federal Rule of Civil Procedure 8(a)(2) and applying the Federal Rules); *Strong v. Diana E. Johnson, Trustee of the Diana E. Johnson Trust Dated July 25, 2013*, No. 16cv1289-LAB (JMA), 2017 WL 201737, at *3 (S.D. Cal. Jan. 18, 2017) ("Defendant has raised arguments concerning Strong's failure to comply with Cal. Civ. Proc. Code §§ 425.50, et seq. and Cal. Civil Code §§ 52 and 54.3. But under the Erie Doctrine, the Court applies federal, not state, procedural requirements."); *Johnson v. Mariani*, 2017 WL 2929453, at *2 (N.D. Cal. July 10, 2017) ("the Court finds that the complaint need not meet the pleading requirements set forth in § 425.50 because those requirements are state procedural rules and are not applicable to the complaint here."); *Anglin v. Bakersfield Prosthetics & Orthotics Center, Inc.*, 2013 WL 6858444 at *5 (E.D. Cal.

Dec. 30, 2013) ("[T]he requirements of CCP section 425.50 do not govern Plaintiff's complaint in federal court....").

More importantly, however, whether or not Plaintiff is a high frequency litigant that triggers prefiling state law procedural requirements (that do not apply in federal court), the same *Gibbs* values of judicial economy, convenience, fairness, and comity as described above weigh in favor of this Court continuing to exercise supplemental jurisdiction over Plaintiff's Unruh Act claim.

**E.     Plaintiff's Unruh Act Claim Does Not Predominate Nor Raise Novel Or Complex Issues Of State Law Because Plaintiff Seeks Damages For Only Three Statutory Violations That Are Premised On Violation Of The ADA**

Plaintiff's Unruh Act claim is so closely linked with his ADA claim such that Defendant's violation of the ADA is a violation of the Unruh Act under Civ. Code § 51(f), 52(a). (Complaint ¶ 37).  Accordingly, the Unruh Act claim does not raise any legal issues that are any more novel or complex (or different) from his ADA claim over which the Court has original jurisdiction.  For this same reason, Plaintiff's Unruh Act also cannot predominate over his ADA claim on the scope of the issues. *See Gibbs*, 383 U.S. at 726 (state laws can "substantially predominate …in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.").

Moreover, the damages and injunctive relief that Plaintiff seeks do not significantly overstep what he seeks from the ADA.  Plaintiff has declared that he seeks statutory damages for *only three violations* of the Unruh Act for a total of $12,000.00; two violations for denial of access and one for deterrence. *See e.g. Johnson v. Guedoir*, 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016); *Civ. Rights Educ. and Enf't Ctr. v. Hosp. Properties Tr.*, 867 F.3d 1093 (9th Cir. 2017) (Declaration of James Rutherford ¶ 3) (Complaint Prayer ¶¶ 2-3).  Additionally, injunctive relief sought pursuant to the Unruh Act is identical to what is sought under the ADA. (Complaint Prayer ¶ 1).

**F.     Conclusion**

Plaintiff respectfully requests that Court continue to exercise supplemental jurisdiction over Plaintiff's Unruh Act claims because all of the *Gibbs* value factors weigh in favor supplemental jurisdiction and there are therefore no "compelling reasons" to decline jurisdiction under section 1367(c).  Further, Plaintiff's state law claim is premised on a violation of the ADA and Plaintiff seeks minimal statutory damages, such that his Unruh Act claim does not predominate over his ADA claim.

DATED: September 6, 2019         Respectfully submitted,
                                 MANNING LAW APC


                                 By:  */s/ Joseph R. Manning, Jr.*
                                        Joseph R. Manning, Jr.