KENNETH E. CHYTEN (SBN  88098)
LAW OFFICE OF KENNETH E. CHYTEN
300 East Esplanade Drive, Suite 900
Oxnard, California  93036
Telephone: (805) 981-3910
Facsimile: (805) 981-3913
E-mail: chyten@chytenlaw.com

Attorneys for defendant, GOOD NITE INN REDLANDS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES RUTHERFORD, | ) CASE NO.: 5:19-cv-01574 PA (SHKx) |
| Plaintiff, | ) **ANSWER OF DEFENDANT GOOD NITE REDLANDS, INC. TO COMPLAINT** |
| v. | ) |
| GOOD NITE INN REDLANDS, INC., a California Corporation; D.T.M LAND COMPANY, LLC, a California Limited Liability Company; and DOES 1-10, inclusive, | ) [Jury Trial Requested] |
| Defendants. | ) |

COMES NOW, defendant Good Nite Inn Redlands, Inc., Inc. ("Defendant"), for itself only, and for no other defendant, in answer to the complaint of plaintiff James Rutherford ("Plaintiff"), admits, avers, and denies as follows:

1.    Defendant is without information or knowledge sufficient to form a belief as to the truth of the allegations in paragraphs 1, 2,3, 6, and 10, and on this basis denies them.

2.    Defendant admits the allegations of paragraph11.

3    Answering the allegations of paragraphs 4 and 5, Defendant admits it owned the Good Nite Inn Redlands hotel  ("Hotel") during the times alleged in the complaint. Except as so averred and denied, Defendant denies the allegations of these paragraphs.

5.    Answering the allegations of paragraphs 7, 8, and 9, Defendant admits the court has original jurisdiction for the alleged violation of the Americans With Disabilities Act, 42 U.S.C. §§1201, et seq. ("ADA"). Defendant avers that the court should decline to exercise supplemental jurisdiction over the claims for the alleged violation of California state law claims, including the Unruh Civil Rights Act, pursuant to 28 U.S.C. § 1367(c), on the grounds that the state law claims raise novel and/or complex issues involving California law that are more appropriately decided by a state court, and substantially predominate over the ADA claim. Except as so averred and denied, Defendant denies the allegations of these paragraphs.

6.    Answering the allegations of paragraphs 12 and 13, Defendant admits it provides parking facilities for guests of the Hotel, and denies they are not compliant with the applicable provisions of the Americans With Disabilities Act ("ADA"). Except as so averred and denied, Defendant denies the allegations of these paragraphs.

7.    Answering the allegations of paragraph14, Defendant is without information or knowledge as to whether Plaintiff visited the Hotel, and denies it violated the applicable provisions of the ADA with respect to the matters alleged in the complaint. Except as so averred and denied, Defendant denies the allegations of these paragraphs.

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

8.      Answering the allegations of paragraphs 15, 19, 20, 21, 22, Defendant is without information or knowledge as to whether Plaintiff visited the Hotel, or Plaintiff's alleged disability, and denies it violated the applicable provisions of the ADA with respect to the matters alleged in the complaint. Except as so averred and denied, Defendant denies the allegations of these paragraphs.

9.      Defendant denies the allegations of paragraphs 16, 17, 18, 26 .

10.     Answering the allegations of paragraph 23, 24, 25, 28, 29, and 35, Defendant is without information or knowledge as to whether Plaintiff visited the Hotel, Plaintiff's alleged disability, whether he has plans to visit the Hotel in the future and, if so, for what reason, and whether Plaintiff intends to amend the complaint. Defendant denies it violated the applicable provisions of the ADA with respect to the matters alleged in the complaint. Except as so averred and denied, Defendant denies the allegations of this paragraph.

11.     Answering the allegations of paragraph 27, Defendant denies it violated the applicable provisions of the ADA with respect to the matters alleged in the complaint. Except as so averred and denied, Defendant denies the allegations of these paragraphs.

12.     Answering the allegations of paragraph 30, Defendant incorporates by reference and reallege its answer to paragraphs 1 through 29.

13.     Answering the allegations of paragraphs 31, 32, 33, 34, 37, 38, Defendant avers that the statutes, regulations,  and cases interpreting them are the best determinant of what they mean, and denies it violated these statutes or regulations with respect to the matters alleged in the complaint. Except as so averred and denied, Defendant denies the allegations of these paragraphs.

14.     Answering the allegations of paragraph 36, Defendant incorporates by reference and reallege its answer to paragraphs 1 through 35.

15.     Answering the allegations in paragraph 36, Defendant denies it violated the applicable provisions of the Unruh Act with respect to the matters alleged in the complaint, and cannot respond to the other allegations as they are incomprehensible.

1   Except as so averred and denied, Defendant denies the allegations of these paragraphs.

2   16. In answer to the Prayer, Defendant denies that Plaintiff is entitled to the relief

3   requested, or any relief at all.

## FIRST AFFIRMATIVE DEFENSE

5   As a first, separate and affirmative defense to the complaint, and all causes of

6   action contained therein, the complaint fails to state facts sufficient to constitute a cause

7   of action against Defendants.

## SECOND AFFIRMATIVE DEFENSE

9   As a second, separate and affirmative defense to the complaint, and all causes of

10  action contained therein, the Court should decline to exercise supplemental jurisdiction

11  over the State Law Claims pursuant to 28 U.S.C. §1367(c) as these claims  raise novel

12  and/or complex issues involving California law that are more appropriately decided by

13  a state court, and substantially predominate over the ADA claim.

## THIRD AFFIRMATIVE DEFENSE

15  As a third, separate and affirmative defense to the complaint, and all causes of

16  action contained therein, Defendant avers that Plaintiff did not suffer any injury or

17  damage as a result of any of the alleged acts and omissions.

## FOURTH AFFIRMATIVE DEFENSE

19  As a fourth, separate and affirmative defense to the complaint, and all causes of

20  action contained therein, Defendant avers that Plaintiff lacks standing to pursue any of

21  the alleged claims, including the alleged violation of the ADA, as he was not subject to

22  a substantial likelihood of future injury.

## FIFTH AFFIRMATIVE DEFENSE

24  As a fifth, separate and affirmative defense to the complaint, and all causes of

25  action contained therein, Plaintiff was not denied the full and fair equal enjoyment of any

26  goods, services, facilities, or privileges offered by Defendant on the basis of any disability of

27  Plaintiff, if any.

28

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

## SIXTH AFFIRMATIVE DEFENSE

As a sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff is barred from seeking injunctive relief because his alleged injury was not actual and imminent.

## SEVENTH AFFIRMATIVE DEFENSE

As a seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff is barred from seeking injunctive relief because he has an adequate remedy at law.

## EIGHTH AFFIRMATIVE DEFENSE

As an eighth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff has not suffered, and is not now suffering, an injury that is real and immediate, and, as such, is not entitled to injunctive relief.

## NINTH AFFIRMATIVE DEFENSE

As a ninth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff was not deprived of any benefit, goods, or services as a result of Defendants' alleged lack of compliance with the ADA, or any of the other statutes alleged in the complaint.

## TENTH AFFIRMATIVE DEFENSE

As a tenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff did not suffer, and does not stand to suffer, any injury that is concrete, particularized, and imminent so as to warrant the imposition of injunctive relief.

## ELEVENTH AFFIRMATIVE DEFENSE

As an eleventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff lacks standing to pursue injunctive relief that seeks remediation beyond that which is needed to address his alleged particular disability.

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

## TWELFTH AFFIRMATIVE DEFENSE

As a twelfth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff was not denied full access to the Hotel, and was not excluded from enjoying Defendant's services.

## THIRTEENTH AFFIRMATIVE DEFENSE

As a thirteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant is informed and believes that Plaintiff initiated this action for purposes other than what the applicable laws were designed to redress.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a fourteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, all of the conduct of, or actions taken, or engaged in by Defendant, which are the subject of Plaintiff's claims, were justified, reasonable, in good faith, privileged and/or in accordance with the legitimate business purposes and activity of Defendant, rendering it immune from any liability to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a fifteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, the damages Plaintiff suffered, if any, were proximately caused or contributed to by the actions of Plaintiff and/or other parties or entities not as yet made parties to this litigation. Therefore, it is necessary that the proportionate degree of negligence or fault of each and every said person or entity be determined and pro-rated such that any judgment rendered against Defendant be reduced by the degree of negligence or fault found to exist as to Plaintiff and/or persons or entities.

## SIXTEENTH AFFIRMATIVE DEFENSE

As a sixteenth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant is informed and believes, and thereon alleges, that Plaintiff unreasonably delayed in filing the complaint and in notifying Defendant of the alleged harm and damages, and the basis for the alleged causes of action against it, all of which has unduly and severely prejudiced Defendant, thereby barring or diminishing

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

1   Plaintiff's recovery under the doctrines of waiver, laches, estoppel and/or acquiescence.

2                    **SEVENTEENTH AFFIRMATIVE DEFENSE**

3          As a seventeenth, separate and affirmative defense to the complaint, and all causes

4   of action contained therein, Defendant is informed and believes, and thereon allege, that

5   by virtue of Plaintiff's unlawful, immoral, careless, negligent and/or other wrongful

6   conduct, Plaintiff should be barred from recovery against Defendant under the doctrine

7   of unclean hands.

8                     **EIGHTEENTH AFFIRMATIVE DEFENSE**

9          As an eighteenth, separate and affirmative defense to the complaint, and all causes

10  of action contained therein, all of the conduct of, or actions taken, or engaged in by

11  Defendants, which are the subject of Plaintiff's claims, were justified, reasonable, in good

12  faith, privileged and/or in accordance with the legitimate business purposes and activity

13  of these answering Defendants, rendering them immune from any liability to Plaintiff.

14                    **NINETEENTH AFFIRMATIVE DEFENSE**

15         As a nineteenth, separate and affirmative defense to the complaint, and all causes

16  of action contained therein, the Hotel is a specialized facility, and is therefore not required

17  to be modified in the manner alleged by Plaintiff.

18                    **TWENTIETH AFFIRMATIVE DEFENSE**

19         As a twentieth, separate and affirmative defense to the complaint, and all causes

20  of action contained therein, the alleged acts and practices are excepted from liability based

21  on the nature of the business exception.

22                   **TWENTY-FIRST AFFIRMATIVE DEFENSE**

23         As a twenty-first, separate and affirmative defense to the complaint, and all causes

24  of action contained therein, no construction, alteration or repair of the subject premises

25  is required by any applicable law.

26                  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

27         As a twenty-second, separate and affirmative defense to the complaint, and all

28  causes of action contained therein, if Defendant engaged in the alleged conduct, which

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

Defendant denies, the reasons, specifications, and motives for the alleged conduct outweigh the alleged impact upon Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a twenty-third, separate and affirmative defense to the complaint, and all causes of action contained therein, if the Hotel had any architectural barriers, as alleged in the complaint, which Defendant denies, removal of such barriers, or implementation of alternative methods, would not be readily achievable, easily accomplishable, or carried out without much difficulty and expense.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a twenty-fourth, separate and affirmative defense to the complaint, and all causes of action contained therein, if the Hotel had any architectural barriers, as alleged in the complaint, which Defendant denies, such barriers are structural in nature.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a twenty-fifth, separate and affirmative defense to the complaint, and all causes of action contained therein, some of the modifications that Plaintiff alleges must be made would fundamentally alter the nature of the Hotel.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a twenty-sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant did not intentionally violate any applicable law regarding disability access as alleged in the complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a twenty-seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, the Hotel was constructed for occupancy prior to January 26, 1992, and was not thereafter altered in a way that negatively affected the usability of that facility for an individual with a disability. As such, Defendant cannot be required to modify that facility as alleged by Plaintiff.

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

1

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

2      As a twenty-eighth, separate and affirmative defense to the complaint, and all

3 causes of action contained therein, Defendant is exempt from Plaintiff's claim for the

4 alleged violation of Health & Safety Code §19955, et seq. as the Hotel is a privately

5 funded multistory building, and a reasonable portion of all facilities and accommodations

6 sought and used by the public is accessible to and usable by persons with disabilities.

7

## TWENTY-NINTH AFFIRMATIVE DEFENSE

8      As a twenty-ninth, separate and affirmative defense to the complaint, and all causes

9 of action contained therein, the claims asserted against Defendant are barred, in whole

10 or in part, by the equitable doctrine of "in pari delicto."

11

## THIRTIETH AFFIRMATIVE DEFENSE

12      As a thirtieth, separate and affirmative defense to the complaint, and all causes of

13 action contained therein, Plaintiff is barred from any recovery against Defendant because

14 of his failure to do equity in the particulars listed in the complaint.

15

## THIRTY-FIRST AFFIRMATIVE DEFENSE

16      As a thirty-first, separate and affirmative defense to the complaint, and all causes

17 of action contained therein, the damages Plaintiff suffered, if any, were proximately

18 caused or contributed to by the actions of Plaintiff and/or other parties to this litigation

19 and/or other parties or entities not as yet made parties to this litigation.  Therefore, it is

20 necessary that the proportionate degree of negligence or fault of each and every said

21 person or entity be determined and pro-rated such that any judgment rendered against

22 Defendant be reduced by the degree of negligence or fault found to exist as to Plaintiff,

23 other defendants, cross-defendants and/or persons or entities.

24

## THIRTY-SECOND AFFIRMATIVE DEFENSE

25      As a thirty-second, separate and affirmative defense to the complaint, and all causes

26 of action contained therein, this answering Defendant is informed and believes, and

27 thereon alleges, that it is not legally responsible for any acts and/or omissions of those

28 defendants named herein as Does.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

As a thirty-third, separate and affirmative defense to the complaint, and all causes of action contained therein, this answering Defendant is informed and believes, and thereon alleges, that Plaintiff knew of, consented to, directed and/or participated in each of the alleged acts, transactions, and defects complained of, and by reason thereof, Plaintiff is estopped from recovering any damages from Defendant.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

As a thirty-fourth, separate and affirmative defense to the complaint, and all causes of action contained therein, the alleged acts in question do not constitute a business practice, and are not actionable under the statutes upon which such liability is purportedly predicated.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

As a thirty-fifth, separate and affirmative defense to the complaint, and all causes of action contained therein, if Defendant engaged in the alleged conduct, which Defendant denies, the reasons, specifications, and motives for the alleged conduct outweigh the alleged impact upon Plaintiff.

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

As a thirty-sixth, separate and affirmative defense to the complaint, and all causes of action contained therein, damages are not available for violations of the ADA, California's unfair competition statute, and some or all of the other statutes alleged by Plaintiff.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE

As a thirty-seventh, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff lacks standing to pursue injunctive relief that seeks remediation beyond that which is needed to address his alleged particular disability.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE

As a thirty-eighth, separate and affirmative defense to the complaint, and all causes of action contained therein, the subject facility was constructed for occupancy prior to

January, 1993, and was not thereafter altered in a way that negatively affected the usability of that facility for an individual with a disability. As such, Defendant cannot be required to modify that facility as alleged by Plaintiff.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

As a thirty-ninth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff failed to provide Defendant with a prelitigation "demand letter" as required by California Civil Code section 55.3, et seq.

### FORTIETH AFFIRMATIVE DEFENSE

As a fortieth, separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff did not serve Defendant with the application for stay and early evaluation form required by California Civil Code section 55.54.(a)(1).

### FORTY-FIRST AFFIRMATIVE DEFENSE

As a forty-first separate and affirmative defense to the complaint, and all causes of action contained therein, Plaintiff did not serve Defendant with the "advisory notice to defendant" required by California Civil Code section 55.54.(a)(1) at the time the summons and complaint was served.

### FORTY-SECOND AFFIRMATIVE DEFENSE

As a forty-second separate and affirmative defense to the complaint, and all causes of action contained therein, Defendant had a CASp report prepared for the Hotel, has corrected some of the conditions described therein, and has scheduled remediation of all recommended corrections contained therein, and is entitled to the benefits of all applicable California laws related thereto including, but not limited to, California Civil Code section 55.53, et seq.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for relief as follows:

1.      That Plaintiff take nothing against Defendant;

2.      That judgment be entered in favor of Defendant;

3.      That Defendant have and recover its costs of suit herein;

1          4.      That Defendant have and recover its reasonable attorney's fees incurred

2    herein; and

3          5.      For such other and further relief as this Court deems just and proper.

4                              **JURY TRIAL REQUESTED**

5          Defendant Good Nite Inn Redlands, Inc. hereby requests a jury trial on all claims

6    and defenses to which it has a right to a trial by jury.

7
     Dated: September 25, 2019          LAW OFFICES OF KENNETH E. CHYTEN
8

9                                       Kenneth E. Chyten, Esq.

10                                      _____

11                                      By: Kenneth E. Chyten, Esq.

                                        Attorneys for defendants, GOOD NITE INN
12                                      REDLANDS, INC.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER OF DEFENDANTS GOOD NITE INN REDLANDS, INC. TO COMPLAINT
5:19-01574 PA (SHKx)

# <u>CERTIFICATE OF SERVICE</u>

STATE OF CALIFORNIA

COUNTY OF VENTURA

I am employed in the County of Ventura, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 300 East Esplanade Drive, Suite 900, Oxnard, CA. 93036.  On **September 26, 2019,** I served the foregoing document(s) described as

**ANSWER OF DEFENDANTS GOOD NITE REDLANDS, INC. TO COMPLAINT; REQUEST FOR STAY AND EARLY MEDIATION,**

 on all interested parties in this action by the following means:

[x]   **BY MAIL:** By placing a true copy thereof enclosed in a sealed envelope with the postage thereon fully prepaid, for collection and mailing on the above date, following ordinary business practices, in the United States Mail, at the Law Offices of Kenneth E. Chyten, in Oxnard, California, addressed as shown below:

Joseph R. Manning, Esq.

MANNING LAW FIRM, APC

20062 SW Birch Street, Suite 200

Newport Beach, CA. 92660

[ ]   **BY FEDERAL EXPRESS**: By delivering a true copy thereof, enclosed in a sealed envelope, to a designated Federal Express box or facility to be delivered next business day to the addressee(s) shown below:

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 26, 2019,** at Oxnard, California.

Kenneth E. Chyten, Esq.

_____

KENNETH E. CHYTEN